Judge Ewing
delivered the Opinion of the Court.
John Barnett sold to Durrett Higgins a tract of three hundred acres ofland, for eighteen hundred dollars, payable by instalments, and on the 8th of December, 1830, executed his bond for a title, to be made “when the last payment was made, on or before the first day of March, 1834,” and put Higgins in possession. The last pay *566 ment being made in April, 1834, and Barnett failing to make a title, Higgins brought suit at law, in June, and recovered a judgment against him, at the November term following, on his title bond, for two thousand and sixty-eight dollars, eighty-eight cents.
Incumbrances pn the land. ‘ '■ ‘
Barnett, in November after the recovery of judgment, filed his bill against Higgins, enjoining the judgment, alleging various excuses for his failure to make a title, and, among others, that he was thrown off his guard and lulled to security by the acts and declarations of Higgins; and insisted that his title was then perfect, and prayed that Higgins might then be compelled to receive a conveyance, in lieu of his judgment; and if not, that he be compelled to pay rents, and for waste, &c.
Higgins answered, positively denying all the grounds of excuse relied on by the complainant; claiming compensation for valuable improvements, and resisting a recovery fqr rent, &c. and insisting, that the title of the complainant was then imperfect.
The Circuit Coui’t decreed a perpetual injunction for oi|e hundred and fifty-two dollars, the amount of rent beyond improvements, and, the costs of the suit, and a dissolution of the injunction as to the balance of the judgment, and damages: and Barnett has appealed to this Court.
Barnett was not oply guilty of a passive supineness and omission to convey, without injury to the defendant, but of a total inability to do so according to the tenor of his covenant. The wife of Finley, through whom Barnett derived his title, had never relinquished her dower in the land, and William Barnett’s heirs, who held an undivided fourth interest in the tract, had never released or conveyed their interest; and his widow had never released her dower. All these incumbrances existed on the land at the time when the covenant to convey fell due, and at the time when suit was commenced at law, and some of them were not removed until after judgment was recovered, and it does not appear in this record, by satisfactory proof, that all of them were removed, at the hearing of this cause, or are now removed.
Uiiless the vendor of land has1 a clear title when’ his bill for a specific execution comes to a' hearing, he can haveno decree—even though he' may have been lulled or thrown off his guard by the purchaser.
Want of proof that the grantors in a deed arte fife heirs,- and the' only heirs, of one who died seized of the land, is a fatal defect.
A recital in a deed, or pcAver, is not sufficient evidence of heir-ship, or of title-in' the grantor.-
The requisitio'ftif of the act' giving! the county courts power to1 convey lands in certain! cases, must be' Strictly pursued, (and the record1 must show it,)' to render the con1 veyance valid.--. If the record, i'rt such case, faife to show, that the consideration has been paid—and to a person authorized title will not he valid. to receive it, the
If the payment was to an ex’or, tl-ere must be proof that he was ex’or: his statement of the fact in a receipt, is not sufficient.
We regard the proof as not clear or satisfactory, against the denial of' the answer, to establish the fact, that the complainant was thrown off his guard, or lulled to security or supineness by the declarations, promises or agency of the defendant. But if he were, and it should not be made clearly to appear, that the complainant had a good and perfect title at the hearing, and was able to convey free from incumbrance, he should not have a specific execution of his contract.
Now, although it appears, that persons who are styled in the deed infant and adult heirs of William Barnett, deceased, have conveyed to the complainant, by their attorney, and by commissioners appointed by the County Court of Christian, the one fourth interest of William Barnett in said land; it does not appear that they are the heirs of said William, deceased; or if they are, that they are the only heirs. And we do not deem the recital in the deed or power of attorney as sufficient to establish this fact.
Besides there is no evidence that Samuel Lambert has purchased out the dower interest of the widow of William Barnett, deceased, other than a recital of the' fact in the power of attorney executed by him and others, styling themselves adult heirs of William Barnett, deceased, and to which the widow is no party. We conceive that this is insufficient to show, that he has5 purchased the dower interest, or had a right to convey the same. And no release or conveyance seems to have' been made of her dower, other than that which was made by Lambert.-
Again: the power delegated to the County Court, to appoint commissioners to convey for infant heirs, is a special limited authority, and the requisitions of the statute must be strictly pursued.' It must, therefore, be shown by the record, “that the consideration has been paid the decedent.”' 1 Statute Law, 457.
Now, though it be conceded, that a payment to the executor of the decedent, after his death, is sufficient, *568 the only evidence of payment exhibited in the record of the County Court, is the receipt of one Samuel Lambert, who styles himself one of the executors of said William Barnett, deceased, without any other proof that hé is the executor, or, as such, had authority to receive the consideration. ' This recital we deem insufficient to establish the fact of his executorship, and consequently, insufficient to show that the payment was made to a person who was authorized to receive it, so as to bind the heirs by the conveyance.
There must be proof that the patents reliedon» include the land.
A purchaser of land who had received the possession, but failing to get a title, had recovered a judgment against his vendor, for the purchase money and interest, is accountable, in equity, to the vendor, for the rents, and for waste, and is entitled to pay for improvements— and if he is allowed, in the adjustment, for improvements, made by him, in clearing land &c. at their value when first made, he should be charged with the rent of them, as well as of those which were on the land when he entered.
• Again: it does not appear that the four patents to Finley, exhibited b.y the complainant, as the origin of his title, or any of them, do embrace the land sold to Higgins. They may embrace it, but there is a total destitution of proof to establish the fact.
Upon the whole, therefore, it has not been made appear in the record, that the complainant, at the hearing, had a good and perfect title, free from incumbrance, and there was no error in the decree refusing to compel the defendant to receive a conveyance in lieu of his judgment.
But we think the Circuit Court erred iñ the conclusion to which it came in the estimate of rents and improvements.
After the most scrutinizing examination of the testimony, estimating the improvements at their reasonable medium value when new, without allowing any thing for waste or deterioi'ation of soil or improvements, by negligent or careless husbandry, or any thing for the rent of the ground cleared by Higgins after his purchase, and used and cultivated by him—the amount of one hundred and fifty two'dollars decreed by the Circuit Court, we think, is not more than a reasonable amount for the excess of the rents for the old improvements, as the same existed on the land when sold by Barnett, for four years, over the value of the improvements made by Higgins. If so, no allowance has been made to Barnett, for the rents of the nineteen acres cleared and put in cultivation by Higgins, for the time he had the use of the same. And indeed, no allowance could have been satisfactorily made by the Circuit.Court, from the proof in the cause. As it seems, that parcels of the land were cleared at *569 different periods, and the precise time of clearing each parcel, or the quantity of the parcel cleared and put in cultivation, is not shown by the proof.
In adjusting an account of £ents, improvements, &c. for a decree, the rents were computed up to a certain time, and a decree rendered for the balance, the éáúse then brought here, reversed and remanded, with directions to ascertain^ (by a commissioner) the value of the use (not before included,) of certain improvements \and also, the amount of rents, of waste, &c. accrued after the period to which the accounts were bro’t down, in the former adjustment, and up to the time when the purchaser did, or shall, relinquish the possession, and for a decree for the balance so ascertained.
As an allowance was made to the defendant for those improvements, estimated at their value,, when made, it was proper under the circumstances of this case, to allow the complainant rents for the same, upon each parcel^ from the time it was put in cultivation arid iised by the defendant. And in case of a defect in the proof, as in this case, commissioners should have been sent but to ascertain the facts, and report the amount of rents to the court. As this was not done, it is the opinion of this court, that the decree ' of the Circuit Court on the subject of rents and improvements, be reversed, and the cause remanded that a commissioner, or commissioners, be appointed by the Circuit Court, to ascertain by proof, when the several parcels of said nineteen acres were cleared and put into cultivation, and the annual rents of each parcel, from the time of making the same, up to the rendition of the final decree, if the defendant shall so long continué in possession. And as, by the decree of the Circuit Court, rents and profits could not have been estimated upon the old improvements, to a period beyond the spring of 1834, to produce the balance of only one hundred and fifty-two dollars of rents, over the improvements, allowed by the Circuit Court, said commissioner or commissioners should, also, be required to estimate the rents and profits of the old improvements, from that period, to wit, the spring of 1834, up to the rendition of the final decree, provided the defendant continues so long ira possession.
And conceding that, from the weight of evidence in the cause, no waste had been committed prior to said decree, or other deterioration of soil or of improvements, other than that which had proceeded from natural wear and tear; as waste may be committed after the rendition of said decree, and before the rendition of the final decree as herein directed, if any waste or deterioration from wilfulness, carelessness, or gross negligence on the part of the defendant, has or shall occur, from the rendition of said decree, up to the decree herein directed, *570 said commissioner or commissioners be directed to estimate the same and make report thereof to the court.
And that the amount of rents herein directed to be ascertained upon the new and old improvements, as aforesaid, together with the amount estimated for waste if any, be added by the Circuit Court, to the amount of one hundred and fifty-two dollars, heretofore allowed, and that the injunction for the agrégate amount and costs be perpetuated, and dissolved as to the balance of the judgment and costs at law, with damages.
Decree reversed fee*