16  133
80   56

## CRATON v. WRIGHT.

1. OCCUPYING CLAIMANT: HALF-BREED TRACT. An occupying claimant of lands situated on the Half-Breed Tract, who acquired his claim or color of title adversely to the decree of partition, and who has, ever since the acquisition of his claim resisted said decree, believing it to be fraudulent and void, is entitled to compensation for improvements made upon the land.

Craton v. Wright.

2. Same: right to compensation assignable. The right of an occupying claimant to compensation for improvements made in good faith, with color of title, may be assigned; and the assignee is invested with all the rights of his assignor.

3. Same: improvements made after suit. An occupying claimant is not entitled to compensation for improvements made after, in a proper action, he is found not to be the rightful owner.

*Appeal from Van Buren District Court.*

### WEDNESDAY, APRIL 20.

IN 1856, Wright, the present defendant, brought ejectment against Craton, the present plaintiff, for certain land, part of the "Half-Breed Tract," so called, in Lee county, and he (Wright) was found to be the owner, and recovered judgment in his favor in May, 1859.

In December, 1859, Craton still being in possession, filed his petition under the occupying claimant's law, to recover the value of the improvements.

Answer: 1st. In denial; 2d. Claiming that Craton has "enjoyed the use of the lands described for six years before the bringing of *this suit*, and ever since, and that the use of said land was and is worth $2,500;" 3d. Claiming damages to timber, $500.

Afterwards, defendant "withdrew his said claim for rents and profits that have accrued since the filing of the petition."

The cause was tried to the Court, who made a special finding of facts, which, so far as necessary to understand the questions raised, will be referred to in the opinion.

No motion was made to set aside these findings of fact, as being against evidence. But a motion was made for a new trial because the Court erred in rendering judgment against the plaintiff for $1,400, and because it erred also in rendering a judgment against him for any sum.

The only questions, therefore, which are before the Court,

are, whether the Court below drew the proper conclusions of *law* from the facts found. The defendant appeals.

*Rankin & McCrary* for the appellant.

I. The plaintiff could not become the *bona fide* owner of improvements as against the decree of petition so as to recover pay for them. *Chesround* v. *Cunningham*, 3 Blackf., 82; *Webster* v. *Stewart*, 6 Iowa, 42; 8 Wheat., 1; 5 John., 272; *McKinley* v. *Holliday*, 10 Yerg., 477; *Longworth et al* v. *Wolfington et al.*, 6 Ohio, 1; *Davis* v. *Powell*, 13 Id., 319; *Glick et al.* v. *Gregg et al.*, 19 Id., 59; *McCoy et al.* v. *Grandy et al.*, 3 Ohio, S. R., 463; *Beardsley* v. *Chapman*, 1 Id., 118.

II. The plaintiff could not, in good faith, make improvements upon the premises after a judgment for the possession was recovered against him. *Beardsley* v. *Chapman*, *supra; Barlow* v. *Bell*, 1 A. K. Marsh., 246; *Doe, ex dem. Reynolds,* v. *Cordery*, 4 McLean, 159; *Heartt's Lessee* v. *Blackington*, Wright, 386; *Taylor's Heirs* v. *Whiting*, 9 Dana, 402.

*Semple & Kinley* for the appellee.

DILLON, J.—The appellant claims that the District Court erred in the following respects, viz:

1st. In allowing the plaintiff to recover for improvements made *before* the judgment against him in the action of right. 2d. In allowing him to recover for the improvements made *after* the said judgment. 3d. In restricting the allowance to the defendant for rents and profits to six years.

These questions we proceed to consider separately and in the order above stated.

The findings of the Court below, concerning these matters, were as follows:

"I find that the plaintiff has color of title, having been in possession of said land by himself, and through those

Craton v. Wright.

under whom he claims, for fifteen years prior to the institution of suit for possession; that he had and has no legal title to said lands; that the only legal title to said lands existed by virtue of a decree of the District Court of Lee County, Iowa, rendered in 1841, whereby a large tract of land, known as the 'Half-Breed Tract,' was partitioned among certain parties, named in said decree; that said decree was, and is, the only source of legal title to said tract, of which the land in dispute is a portion; that plaintiff knew of the rendition and existence of said decree, but believed it fraudulent and void, and has resisted it all the time since the acquisition of his interest in said land. I further find that, during said time, and before the rendition of the judgment for possession, he had bought, and made valuable improvements on the land in dispute, worth $1,550; that since the rendition of said judgment for possession, and since the filing of the petition in this proceeding, and commencement of this suit, said plaintiff built a frame house, valued by me at $400, in this estimate, which I allow him for. This added to the $1,550, makes entire value of improvements $1,950. I find that the new house was rendered necessary by the circumstances under which plaintiff at the time was placed, as the person legally and rightfully in possession of said lands, and having, for the time being, right to cultivate and control the same; and that all said improvements were made in good faith. I further find that the rents and profits on said lands were worth $550, for six years next preceding the filing of the cross petition herein. Deducting said sum of $550 from said $1,958, leaving $1,400, for which judgment was rendered in favor of complainant."

I. On this finding, did the Court err in allowing the plaintiff the $1,550 for the improvements, bought and made *prior* to the rendition against him of the judgment for possession?

The claim of an occupying claimant for improvements being entirely of statutory origin (*Webster* v. *Stewart*, 6 Iowa, 401; *Chesround* v. *Cunningham*, 3 Blackf., 82), though subject to the statute, viewed in the light of the general principles of equity, the statute is, of course, the standard by which to test the existence and validity of his claim. The statute gives relief to "occupants of land who have color of title thereto, and who, in good faith, have made any valuable improvements thereon, and are afterwards, in the proper action, found not to be the rightful owners thereof." Rev., § 2264. A subsequent section (2269) declares that, "Any person has color of title who has occupied a tract of land by himself, or by those under whom he claims, for the term of five years. The Court found, as an *ultimate fact* (to use the phraseology of the Revision), that the plaintiff had color of title. And that conclusion was justified by the other fact, stated in connection therewith, that he had been in possession of the said land by himself and those under whom he claims, for *fifteen years*," three times the minimum statutory period.

But it is claimed that the plaintiff's improvements were not made in "good faith," as the partition decree was the source of the legal title, and the plaintiff knew of its existence and rendition; and we are referred, by the appellant's counsel, to cases in Ohio and Tennessee, to support their position. An examination of the statutes of those states shows that their provisions are so essentially different from those of our statutes, that their decisions will throw but little light upon questions arising in this State. We may observe, however, that we see nothing in those decisions, viewed in connection with the statutes under which they were made, which militates against the conclusion to which we have arrived in the present case. On the contrary, they tend rather to support it. If the finding of the Court had been simply, that the plaintiff

*knew* of the decree, and had there stopped, we should then have been called upon to decide the question which the appellant argues, viz.: Could improvements, made under such circumstances, be said to be made in good faith? But it is further found, that the plaintiff, while he knew of the decree, nevertheless "believed it to be fraudulent and void, and has resisted it all the time since the acquisition of his interest in said land."

We must decide this case upon this finding. There is nothing in the record to show that this belief of the plaintiff was without any reasonable foundation. And it being stated that the plaintiff has resisted said decree, we cannot say that this may even have been done by judicial proceedings, to impeach it for fraud. Besides this, there has been a series of acts of the General Assembly, from an early period, for the benefit of settlers on the "Half-Breed" lands, giving them the right to compensation for improvements. (See these acts, cited in page 402 of the Revision.) Viewing the legislative purpose and policy, as exhibited by the entire legislation of the State, and giving to the special findings of the Court a fair construction, we cannot say that the plaintiff ought to be deprived of the right to compensation for his improvements, because they were not made in good faith.

It is furthermore maintained by the appellant, that the plaintiff was not entitled to compensation for improvements which he purchased from others. This view is not tenable. Some of the special statutes relating to settlers upon the "Half-Breed Tract" (if these are to be considered as still conferring rights), expressly extended their benefits to assignees of the original occupant. This right is expressly recognized in § 2268 of the present law as to purchasers at any judicial or tax sale, though such sale be void. And this right is impliedly recognized in the following section, which enacts that "Any person has color of

title who has occupied by himself *or by those under whom he claims*," &c. This is equivalent to an express declaration that he may purchase from, occupy and claim under, a prior occupant.

And why, permit us to inquire, should not rights of this kind be assignable? And why should not the assignee be held to stand in the shoes and be invested with the rights of his vendor? It makes no difference to the "rightful owner" whether he pays the assignor or assignee. The opposite view would, in a sort, make the land occupied a prison for the occupant, because he could not sell and obtain the benefit of his improvements however valuable, no matter how prolonged his occupancy or how indisputable his good faith might be.

This Court are, therefore, of the opinion that there was no error in the allowance to the plaintiffs by the Court below of the value of the improvements, whether made by him or purchased of others, which existed at the time of the rendition of the judgment for the possession in the action of right, the more especially as it does not appear that any of *those* improvements were made *pendente lite*. And as we do not understand the question to arise, whether there can be any allowance for improvements made pending the action of right, this question is not decided.

II. The allowance to the plaintiff of $400 for a frame house built by him, not only after the judgment against him in the action of right, but *after* the commencement of this proceeding can find no warrant either in the policy or in the language of the statute.

Where the other requisites concur and the occupant "is *afterwards* in the proper action found not to be the rightful owner," he can claim for improvements. There can be no good faith, and no color of title, after a direct adjudication establishing that another is "the rightful owner." No contingency occurs to us which would justify an allowance of

this kind. To recognize a right of this character would be to bind the owner hand and foot and place him at the mercy of the occupant. This improvement the plaintiff made in his own wrong and he must bear the loss. The maxim applies: *Volenti non fit injuria. Gillespie* v. *Moon*, 2 Johns. Ch., 585.

III. The appellant claims in his argument, that the Court should have allowed him rent for six years prior to filing his petition (in the action of right) in 1851, instead of six years prior to the filing of the cross-petition in this action in 1860.

Whether there is a six years' limitation at all, and if so, how far it will apply (see *Whiting* v. *Taylor*, 8 Dana, 441; 9 Id., 339; 8 Iowa, 271); and whether it will extend six years before the commencement of the action of right, or six years before the filing of the petition claiming an allowance for the rents and profits, we are not called upon to determine, because the appellant in his pleadings only claimed for six years before the bringing of *this suit*, and this claim was substantially allowed him by the Court.

This Court is of the opinion, that, upon the findings, the judgment for the plaintiff should have been for $1,000 instead of $1,400. The judgment is therefore set aside and the cause remanded with directions to the District Court to enter judgment in accordance with this opinion.

Judgment modified.

LOWE, J., took no part in the determination of this case.

*F. Semple*, Esq., presented a petition for a rehearing, upon the disallowance of the claim for $400, which being duly considered, was by the Court overruled.