S. S. HITE *v.* HENRY REEVE.

**Judicial Sales—When Purchaser Takes Subject to Lien.**

Where land which was held in trust for a widow and her children was sold without making provision for the children, her lien on the land still subsists, and the purchaser takes subject thereto.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 29, 1873.

OPINION BY JUDGE LINDSAY:

Although Mrs. Sutherland (now Mrs. Renter) and her children, Elizabeth and Margaret, took the estate conveyed in trust for them to Henry Knipp, subject to existing liens, their right to so much of it as might be left after these liens should be discharged was perfect and absolute.

It does not appear why the entire property was sold at the suit of the lien holders, but if the sale was regular and proper, then they

were entitled to the surplus purchase money, between $1,500 and $1,800. The children certainly could not be divested of their interest in this surplus by the consent order entered up (on motion of Rummers, the purchaser, Mrs. Renter, and Knipp, the trustee), by which Mrs. Renter was substituted as purchaser. The result of that consent order has been a resale of the property, in which no provision was made for these children, notwithstanding this sale.

Their lien still subsists and Hill holds subject thereto. It results, therefore, that he can not make to Reeve a good title. The chancellor properly refused to compel the latter to accept an imperfect one.

*Hightower v. Smith*, 5 J. J. Marshall 542; *Barnett v. Higgins*, 4 Dana 565.

Judgment *affirmed*.

*J. B. Cochran, for appellant.*

*P. A. Guestner, for appellee.*