The opinion of the court was delivered by
Brewer, J.:
But a single question is presented for examination in this case, and the facts upon which it arises are few in number and undisputed. In March, 1879, defendant commenced an action of ejectment, in the circuit court of the United States, against the plaintiff, to recover possession of ■of one half-section of land in Dickinson county. Judgment was entered by default at the June term, 1879, and the plaintiff dispossessed of the land by process under such judgment. Thereafter he’commenced this independent action in the district court of Dickinson county, to recover the value of permanent improvements placed by him upon the land. These improvements consisted of the breaking of about one hundred *635 acres. On the trial, defendant claimed the right to set off against the value of such improvements the value of the rents and profits of the land from the time of the breaking in 1876 up to the time of the dispossession in 1879. The district court sustained this claim of the defendant, and the jury having found the value of the rents and profits during that time ■to be in excess of the improvements, judgment was entered for the defendant. Now plaintiff insists that under § 604 of the code, the only deduction from’the value of the improvements which can be allowed to the owner is “the net annual value of the rents and profits which the occupying claimant may have received from the same after having received notice of the plaintiff’s title by service of a summons,” and that therefore the only deduction to which the defendant was entitled, was such rental value received by plaintiff between March, 1879, and June, 1879. It will be observed that the provisions of article 25 of the code concerning occupying claimants do not in terms apply to the case at bar, for that article only provides that the party in possession shall not be evicted or thrown out of possession until paid the value of lasting and valuable improvements, and also after the entry of judgment in the action to recover possession for the drawing of a jury and inquiry by it as to such value. It gives to the party in possession no independent right of action against the owner, authorizes no suit to recover the value of such improvements, and simply provides how, in an action of ejectment, the party defendant may maintain his possession until paid for his improvements. But it is insisted by counsel that the spirit of the article guarantees to the occupying claimant payment for improvements; that the mere machinery for enforcing that right is subordinate and immaterial; and that if for any reason the party neglects to avail himself of that statute in the action of ejectment, he is notthereby debarred from any other assertion of his right. Now upon this, we remark that it may be conceded that breaking is such a lasting and valuable improvement as would entitle a party to the benefit of the occupying-claimants act; though upon this, see the following cases from the *636 supreme court of Iowa. It may also be conceded that, notwithstanding the failure to apply in the ejectment action for the benefit of the occupying-claimant act, the defendant is not debarred from all relief; though there are several authorities which hold that where a statute like ours prescribes a specific remedy for the benefit of occupying claimants, the party in possession must pursue his remedy under that statute,, or lose all claim to payment for his improvements. (Webster v. Stewart, 6 Iowa, 401; Clawsen v. Reyburn, 14 Iowa, 136; Lunquest v. Ten Eyck, 40 Iowa, 213; Malone v. Stretch, 69 Mo. 25.)
It may be conceded still further, that an occupying claimant, failing to avail himself of the statutory remedy, may maintain an independent action, after having been dispossessed from the land, to recover from the owner the value of the improvements; and in such action may recover a personal judgment for the excess of the value of the improvements over the rental value. We say all these things may be conceded for the purposes of this caes, though we by no means-wish to be understood as deciding that the propositions involved in them are in fact correct.
In the case of Putnam v. Ritchie, 6 Paige, 390, in which the complainant sought to obtain compensation for his improvements, Chancellor Walworth uses this language: “By the rules of the civil law, the possessor of the property of another, who had erected buildings or made other improvements thereon in good faith supposing himself to be the owner, was entitled to payment for such improvements after-deducting from the value thereof a fair compensation for the rents or use of the property during the time he occupied it; [citing several authorities.] This principle of natural equity has been adopted by the law of England and of this state to a limited extent, in the action for mesne profits, where the bona fide possessor of property is permitted to offset or recoup in damages, the improvements he has made upon the land to the extent of the value of the rents and profits during his occupancy.”
*637 And farther on in the same case: “I have not been able to find any case either in this country or in England wherein the court of chancery has assumed to give relief to a complainant who has made improvements upon land, the legal title to which was in the defendant,- where there has been neither fraud nor acquiescence on the part of the latter after he had knowledge of his legal rights.”
And in Parsons v. Moses, 16 Iowa, 136, Judge Dillon makes the following observation: “ Courts of law next modified the strict rule of the common law (which makes the occupant of land which is owned by another, no matter how good the faith of the occupant may be, liable for the rents and profits) to this extent, viz., that where such owner brought his action for mesne profits, which courts of law treated as an ■equitable action, the dona fide occupant might set off or recoup the value of his permanent improvements to the extent of rents and profits demanded, but no farther.”
But notwithstanding these concessions, we think the ruling ■of the district court is correct, or at least contains no error prejudicial to the rights of the plaintiff. If the occupying ■claimant wishes to avail himself of any extraordinary rights specially given by statute, he must pursue the remedy prescribed by statute. Failing to pursue that statutory remedy, he must fall back on the general doctrines of the law for the ■measure of his rights, and by them it is clear that the occupying claimant entitled to compensation for improvements is ■chargeable with the net rental Value during the time of his occupation. It will be borne in mind that this whole doctrine of compensation for improvements is an outgrowth of ■equity. By the strict rules of the common law, whoever put-improvements upon real estate did so at his peril; and no matter though he acted in good faith and in the honest conviction that the land was his own, whenever any other party judicially established his.title to the land, such party had a right to all the improvements situated upon it. It was only through considerations of equity and in the first instance alone through courts of equity, that any innovation was made *638 upon this arbitrary rule, and the whole doctrine of compensation, except as fixed and prescribed by statute, rests upon equitable principles. Now if it is equitable that the party in possession should receive pay for the improvements, it is equally equitable that the owner who has been in consequence of the wrongful possession deprived of the use of the land, should receive compensation therefor.
The party in possession has had the benefit of the possession that rightfully belonged to the owner. If he has taken that from the owner which was his he ought to pay him for it. It would be harsh indeed, where a party has been deprived of the possession of his land by one who had no right to possession, that he should be compelled to pay for improvements which perhaps may be of a kind and character which he does not want and at the same time receive no pay for the use of the land of which he has been thus unjustly deprived. And on the other hand it would be unnecessarily and improperly rewarding a party, who it may be for years has been occupying property not his own, to give him the benefit of such possession without any compensation to the owner, and also give him pay for everything he has done to meliorate the estate. Such large compensation would seem to justify the language of Chancellor Kent in criticism of occupying-claimant statutes, where he says (2 Kent’s Com., marginal page 338): “But in the ordinary state of things, and in a cultivated country, such indulgences are unnecessary and pernicious, and invite to careless intrusions upon the property of others.” And again: “There is no moral obligation which should compel a man to pay for improvements upon his own land which he never authorized, and which originated in a tort.” It was well said by Judge Dillon, in the case from 16 Iowa, supra: “Equitably and rightfully, the rents and profits each year go to pay for the improvements, either wholly or pro tanto as the case may be.” That is á case very much in point, one in which the party in possession sought to obtain payment for improvements made by himself and his predecessors in possession during a series *639 of years, and at the same time sought to evade any liability for rents and profits for the time covered by the statute of limitations. See also Whitney’s Heirs v. Taylor’s Heirs, 8 Dana, 405; Jones v. Jones, 4 Gill, 87; Dungan v. Von Puhl, 8 Iowa, 263.
We conclude, then, that equitably and justly the party in possession who claims pay for improvements made upon the-land should also be liable for the net rental value of the land which he has wrongfully had possession of and used. This-was the ruling of the district court. It is right, and the' judgment will therefore be affirmed.
All the Justices concurring.