JOHN C. DOUGLASS *et al.* v. CALVIN C. BOYLE.

1. EJECTMENT — *Jury* — *Questions Decided* — *Practice.* At the trial of an action of ejectment brought by the original owner of the land against a tax-title holder in possession, the record recites that "the questions of the ownership of land, the value of the rents, the amount of damages done the land, together with the value of the improvements made thereon by the defendants, amounting to a considerable sum, were all submitted to the jury, and passed upon by them;" and after judgment in the action it was not error in the trial court to refuse to cause an entry to be made that the defendant tax-title holder claimed the benefit of the occupying-claimants act, as he had proven their value to reduce the claim for rents and damages.

2. TAXES — *Lien, Refused* — *Tax Deed, Barred.* It is not error for the trial court in such an action to refuse to adjudge that a tax-title holder whose tax deed was recorded January 30, 1863, but who did not take possession of the land described in said tax deed until May, 1878, was entitled to a lien on the land for the amount of taxes recited in said deed, with interest, as the tax deed and all rights under it were barred by the statutes of limitation.

*Error from Leavenworth District Court.*

EJECTMENT. Judgment for plaintiff *Boyle,* at the June term, 1886. The defendants *Douglass* and another bring the case to this court. The opinion contains a statement of the facts agreed upon by the parties.

*John C. Douglass,* for plaintiffs in error.

*Lucien Baker,* for defendant in error.

Opinion by SIMPSON, C.: This case was presented to this court by the following statement as a case-made. It is brief and concise, and very fairly presents the questions for determination:

"This was an action in the district court of Leavenworth county in the nature of ejectment, commenced January 6, 1885, to recover $136\frac{32}{100}$ acres of land, the rents and profits thereof and damages thereto, from the 1st day of March, 1881. The case was tried on the 29th day of April, 1886, by a jury, and a verdict rendered in favor of the plaintiff for

the possession of the land and for $384.50 damages. Upon the trial, after showing his title, the plaintiff introduced testimony to show the value of the rent of the land from March 1, 1881, and the damages to the land by the taking therefrom by the defendants timber growing thereon. The defendants then produced testimony tending to prove the value of the improvements made upon the land by them. The questions of the ownership of the land, the value of the rents while defendants were in possession, and the amount of damages done to the land by them, together with the value of the improvements made thereon by the defendants, amounting to a considerable sum, were all submitted to the jury and passed upon by them. Neither party requested that the jury be sent to view the premises. After the verdict, the defendants duly moved the court for a new trial, which motion was in writing and filed within three days, was overruled; to which ruling the defendants duly excepted. Whereupon the court on June 26, 1887, rendered a judgment in favor of the plaintiff and against the defendants for the possession of the land, for the damages as found by the jury, and for the costs.

"The defendants requested the court that in rendering this judgment it cause an entry to be made that the defendants claim the benefit of the provisions of the statute in favor of occupying claimants, which request the court denied upon the ground that all the benefits provided for in the sections of this statute concerning occupying claimants had been tried and adjudicated in the trial of the case; to which refusal the defendants duly excepted. Thereupon the defendant Douglass, after the verdict and before the judgment was rendered, claimed to have a lien for taxes upon said land for the year 1858, for which taxes, amounting to $10, said land was sold on September 24, 1859, and a deed upon such sale, void upon its face, was recorded January 30, 1863. The court refused to adjudicate that such taxes were a lien upon the property recovered, upon the ground that the right to have the taxes so adjudged was barred by the statute of limitations. The plaintiff having been in possession of the land from February, 1867, down to sometime in 1872, and the defendant Douglass was in possession by himself or tenant from May, 1878, until this trial. The defendant Douglass excepted to the refusal of the court to adjudicate upon his said taxes.

"The errors complained of by the defendants occurring in the proceedings in this case upon which they desire the opinion of the supreme court, are:

"1. The court erred in refusing to cause a journal entry to be made to the effect that the defendants were entitled to the benefit of the occupying-claimant law.

"2. That the court erred in refusing to allow the defendant Douglass a lien for the taxes paid by him.

"The foregoing is all the proceedings in the case necessary to the determination of said two questions."

I. As to the first question, it is only necessary to refer to that part of the case-made in which it is stated: "The questions of the ownership of the land, the value of the rents while defendants were in possession, and the amount of damages by them done to the land, together with the value of the improvements made thereon by the defendants, amounting to a considerable sum, were all submitted to the jury and passed upon by them." It was for this reason that the court denied the request of the plaintiffs in error to cause an entry to be made that they claimed the benefit of the statute in favor of occupying claimants. It is a necessary implication from the statements of the case-made, that the value of the improvements went to the jury as a set-off to the rents and damages.

But counsel for plaintiffs in error insists that the value of the improvements could not be determined in this manner; that the court has not the power to determine the value, or submit that question to the jury, except in the exact manner prescribed by the statute; that there can be no compensation until the title is adjudged bad; and that there is no jurisdiction to assess, or no foundation for taking a single step in that direction, until after judgment in the ejectment action. All this may be conceded in a statutory assessment of damages, without the slightest effect on the question presented. After judgment in the action of ejectment, the plaintiffs in error demand that the first step be taken by the court to assess the value of their improvements, and the court says:

"You are estopped; you submitted the evidence tending to prove the value of your improvements to the jury to reduce the amount of the successful claimants' demand for rents and damages, and you cannot have the value of your improvements twice in the same action. Instead of withholding your claim

for improvements and have them assessed in the statutory mode, you proved them in the ejectment action to reduce damages."

There is no error in refusing to make the journal entry, under the circumstances presented by this record. For a discussion of equities of the statute, see *Barton v. Land Co.*, 27 Kas. 634.

II. The other error assigned is based upon the refusal of the trial court to adjudge that the plaintiff in error Douglass had a lien for taxes. The land was sold on September 24, 1859, for the taxes of 1858. The tax deed was recorded on the 30th day of January, 1863. The successful claimant was in possession of the land from February, 1867, until sometime in 1872. The plaintiff in error Douglass was in possession by himself or tenant from 1878 until the trial of this cause. The court below refused to adjudge a lien for taxes, because the right to have the taxes so adjudged was barred by the statute of limitation. It seems to be conceded that the tax deed was "void upon its face." According to the showing in this record it was fifteen years from the record of the tax deed before the plaintiff in error attempted in any manner to assert his right to the possession of the land by virtue of his tax deed. Long before the expiration of that period his right of possession was barred under any theory of the statutes of limitation of this state that ever has been suggested or urged. When his right of action to the possession was barred, every other right, including the lien, was destroyed. There is no error in the record.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.