HERBERT L. HUMPHREY v. ISAAC M. YOST AND S. T. YOST, *his Wife.*

**No. 214.** (62 Pac. 550.)

TAXATION—*Failure to Record Tax Deed—Lien 'for Taxes.* Where the holder of a tax deed fails for six months from its date to have it recorded as required by law, said tax deed becomes void, and the grantee therein cannot retain a lien on the land described for taxes paid by afterward taking possession thereof.

Error from Ellis district court; LEE MONROE, judge. Opinion filed October 10, 1900. Reversed.

. *Herbert L. Humphrey*, for plaintiff in error.

*J. P. Shutts*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : The plaintiff in error was the owner of certain lands in Ellis county, on which the defendant in error S. T. Yost had a tax deed, dated September 2, 1897, but it had never been recorded and was lost or destroyed. On April 19, 1899, the plaintiff in error brought an action to recover the possession of said land, and at the trial the court found the tax deed void for the reason that it had not been recorded, as required by section 227, chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7346), and decreed the title to the land in controversy to be in the plaintiff, but that the defendant had a lien thereon for the amount of the taxes included in said tax deed. To reverse that part of the decree adjudging the taxes paid to be a lien on the land the case is brought to this court.

Taxes paid can become a lien upon real estate in favor of the payor only by virtue of some legislative enactment, and we find nothing making them such under the circumstances of this case, unless it is section 205, chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7339). This section substantially as it stands, with the exception of the rate of interest, has been a part of our tax law since 1868, and has often been construed by our supreme court. In *Smith v. Smith*, 15 Kan. 295, it was said in relation to this section : "It was enacted for void tax deeds. A person holding under a valid tax deed has no need of such a statute. Only persons holding under a void tax deed need such a statute." In *Belz v. Bird*, 31 Kan. 144, 1 Pac. 250, it was said : "It would seem that in all cases of void tax deeds, whatever may be the grounds upon which the deeds are held to be void, the holder

of the tax deed, when defeated in an action of eject-
ment, whether he is the plaintiff or the defendant,
may recover the taxes which he has paid.''

When the legislature enacted chapter 31, Laws of
1886 (Gen. Stat. 1897, ch. 158, § 227 ; Gen. Stat. 1899,
§ 7346 ), requiring all tax deeds to be recorded within
a specified time, and providing that if not so recorded
they should be void, it repealed no law then in force ,
and used the term ''void'' with reference to the effect
theretofore given it by the supreme court.    But it was
said in *Corbin v. Bronson*, 28 Kan. 532, in relation to
this section, that it

''applies to the holder of a tax deed, or to a person
claiming under him by virtue of the tax deed, who is
defeated in his action on account of some defect in the
tax deed or the tax proceedings.    But this section
was never intended to benefit a party who has ob-
tained a good and valid tax deed, and afterwards per-
mits it to become valueless by his own laches.    The
object of this statute was to assist in the collection of
taxes, and not to benefit the negligent tax holder who
refused to take any steps to recover the land described
in his tax deed until after the statute of limitation has
run.''

On the same subject, in *Mitchell v. Lines*, 36 Kan.
382, 13 Pac. 594, it was said : ''That section is to
help a person who is defeated in an action by reason
of a defective deed, or proceedings up to the deed,
and was not made to help those who refuse or neglect
to commence their action for the recovery of the posses-
sion of the premises until the statute had run against
them.''    In *Douglass v. Boyle*, 42 Kan. 395, 22 Pac.
317, it was said : ''When his right of action to the
possession was barred, every other right, including
the lien, was destroyed.''    In the case before us the
tax deed was issued September 2, 1897, and said tax

deed was never recorded and no possession taken under it until after it became void for want of recording. When possession was taken of the land the holder of the tax deed had no right in or lien thereon, and his possession was wholly without authority or right, and could not serve as a basis for fixing a lien upon the land in controversy.

The judgment of the trial court, in so far as it declares a lien on the land, is reversed, and said court is directed to disallow the same.

MAHAN, P. J., concurring; McELROY, J., dissenting.