ARTHUR S. LITTLEFIELD vs. H. MARCELLUS PRINCE.

Knox.     Opinion July 15, 1902.

*Deed.    Record.    Tax-Sale.    Non-Resident Owner.    R. S., c. 73, § 8.    Stat. 1895.
c. 70, § 5.*

In a real action, the defendant relied upon a sale of the premises for the
non-payment of taxes assessed thereon; and the plaintiff upon a convey-
ance from the former owners, non-residents against whom the tax was
assessed.

The sale for non-payment of taxes was made on the first Monday of Dec.
1896.    The collector's deed was not received for record until Oct. 22, 1900.
The plaintiff obtained his deed and had it recorded nearly a month prior
to the time that the defendant's deed was recorded.

It appearing that the defendant's deed was not recorded within thirteen
months after the day of sale, (R. S., c. 73, § 8) and the plaintiff having no
knowledge of the prior sale of the property for non-payment of taxes, or
the unrecorded deed to the defendant, *held;* that the plaintiff has the
better title and is entitled to judgment.

On report.    Judgment for plaintiff.

Writ of entry for the recovery of a parcel of land on Chestnut
street in Camden.

The plea was the general issue.    The case is stated in the opinion.

*C. E. and A. S. Littlefield,* for plaintiff.

*J. H. and C. O. Montgomery,* for defendant.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEA-
BODY, JJ.

WISWELL, C. J.     Real action.    The defendant relies upon a sale
for the non-payment of taxes; the plaintiff upon a conveyance from
the former owners, against whom the tax was assessed.

The plaintiff in argument attacks the sufficiency of every step in
the proceedings relied upon by the defendant to make out his title,
from the assessment of the tax to the time of recording the collec-

tor's deed. Of the many objections raised to the defendant's title, it is necessary to consider only one sufficient objection.

The sale for non-payment of taxes was made upon the first Monday in December, 1896. The real estate was taxed and sold as the property of a non-resident owner. The collector's deed was not received for record in the proper registry of deeds until Oct. 22, 1900. The conveyance from the former owners, against whom the tax was assessed, to the plaintiff, was made August 24, 1900, and was recorded Sept. 24, 1900.

The general provision of the statute in relation to the record of deeds, is: "No conveyance of an estate in fee simple, fee tail, or for life, or lease for more than seven years, is effectual against any person, except the grantor, his heirs, and devisees and persons having actual notice thereof, unless the deed is recorded as herein provided." R. S., c. 73, § 8. But in the case of a sale of real estate of a non-resident owner for the non-payment of taxes it is provided by statute: "If the deed of land of a non-resident owner is recorded within thirteen months after the day of sale, no intervening attachment or conveyance shall affect the title." Chapter 70, § 5, public laws of 1895.

In this case, the tax collector's deed was not recorded within thirteen months after the day of sale. Long after the expiration of that period of thirteen months, the plaintiff obtained his deed and had it recorded nearly a month prior to the time that the defendant's deed was recorded. The case does not disclose that the plaintiff had any knowledge of the prior sale of the property for non-payment of taxes, or of the unrecorded deed to the defendant. His title is consequently the better, and he is entitled to judgment.

*Judgment for plaintiff.*