FERNYHOUGH, Respondent, v. ROCKWELL, Appellant.

(139 N. W. 790.)

1. **Taxes—Tax Sale—Notice—Treasurer's Records—Recovery of Taxes.**

  A fee owner of realty, in his suit to quiet title against holder of a void unrecorded tax deed, cannot rely upon the decision in King v. Lane, 21 S. D. 101, construing Secs. 2148-9, Pol. Code, since those sections relate only to cases of unpaid taxes, not to cases where the tax has been paid by treasurer's sale; said sections therefore are no defense against defendant's right, existing in a proper case, to require repayment to him of his tax investment and interest, by owner of realty, under Sec. 2214, Pol. Code.

2. **Tax Deed—Record of Tax Sale—Recording Tax Deed—Recovery of Taxes—Treasurer's Records as Notice.**

  Under Sec. 2216, Pol. Code, requiring tax certificates to be cancelled upon issuance of tax deed, the tax sale itself becomes cancelled. Until tax sale occurs, treasurer's duplicate tax list imparts notice of unpaid taxes; after the sale, treasurer's sale book and annotations on subsequent tax lists and tax receipts imparted notice of tax sale. When void or valid tax deed issues, the sale book no longer imparts notice of sale, and thereafter no duty devolves on treasurer to note such sale on subsequent tax lists or receipts; and holder of tax deed must then record his deed in order to protect his rights as holder of subsequent tax sale certificates. **Held,** that, his deed being unrecorded, plaintiff in suit to quiet title, who had no knowledge of tax deed or the sale preceding it, is not required to repay such tax investments by holder of unrecorded tax deed.

(Opinion filed February 10, 1913.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by J. H. Fernyhough against F. W. Rockwell, to quiet title. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for Appellant.

The only purpose of recording an instrument is that a purchaser may not be prejudiced by such failure. When Mr. Fernyhough purchased this property he had full notice of the issuance of the tax certificate and the payment of all subsequent taxes by this defendant assignor, W. C. Hollister. These were matters of record in the auditor's office. The issuance of the deed was a matter of record in the treasurer's office. The records of all these offices are open to the public and the notice imparted thereby is constructive, which, in the eyes of the law, is conclusive. And right here I do not know how he should claim that he was an innocent purchaser, because the deed was not recorded, because the court finds (Finding 12) that the deed was void. We cite: Sec. 2190, 2199, Pol. Code; Sec. 2208, Pol. Code.

"The treasurer should enter a memoranda of the redemption on the list of sales," or, in case the redemption is by the owner and the certificate returned, he shall "mark on the tax sale record opposite the description of the property of each said certificate of purchase so issued 'sale cancelled by returning the certificate.'"

As none of these things took place, nor could they take place because the taxes under which the appellant claims a lien were not paid, we hardly see how the plaintiff could claim to be an innocent puchaser.

The respondent certainly had constructive notice that the tax certificate was still outstanding or an unrecorded deed existed by examination of the sale book in the treasurer's office.

Section 2212 provides: On the issuance of a tax deed after proper notice has been given, "such affidavit shall be filed by said treasurer and entered upon the records of his office."

Respondent, claiming to be an innocent purchaser and claiming to be without either notice or knowledge of the existence of appellant's deed or tax certificates, produced to the trial court, in order to attack the deed under which the appellant claims, the very records of which he claimed to be ignorant. These records

existed just as well when Mr. Fernyhough bought the property as they did on the day of the trial. Graves v. Bruen, 6 Ill. 167, 1 Gil. 167; Goodman v. Saenger, 91 Pa. St. 71-6.

It was urged, and no doubt will be so contended here, that as the respondent had paid the taxes from 1907 to 1910, and received from the county treasurer tax receipts, which, as appears by finding 15, "did not state or have noted thereon said tax sale of said premises in the year 1893, or said subsequent taxes of 1894, or any outstanding tax certificate tax deed or any unpaid taxes whatever," that this act of the county treasurer abrogated appellant's rights to claim compensation for the taxes which he had paid for these years. I do not think the statute will bear such interpretation.

If my opponent has been misled by the tax receipts issued either to Anna C. McCaugh or himself, then his remedy is against that officer. Easton v. Crammer, 102 N. W. (S. D.) 944; Clark v. Darlington, 11 S. D. 418; Campbell v. Trust Co., 14 S. D. 483; Bennett v. Darling, 15 S. D. 1; Pettigrew v. Moody County, 96 N. W. (S. D.) 94.

*Boyce, Warren & Fairbank,* for Respondent.

The plaintiff was an innocent purchaser of the premises for value, without notice or knowledge of defendants tax deed or of the tax sale upon which the same was based or of any unpaid taxes for which the sale was made. (Findings 4 and 14). Sections 986, 987, Civil Code.

The fact that the plaintiff was a subsequent purchaser in good faith and for value is settled by the findings. The tax deed, not having been recorded until years after the record of plaintiff's conveyance, was void as to the plaintiff and was rightly held to be void by finding number 12.

The plaintiff was therefore entitled under the plain terms of the recording act to have the tax deed adjudged to be void and canceled as a cloud upon his title and, as a condition to the entry of such judgment, could not be required to pay any taxes that defendant may have paid in order to obtain his tax deed. This is not an action by the owner whose land was sold to set aside a tax deed for irregularities in the tax sale proceedings, but is an action by an innocent purchaser without notice of the deed to have the deed adjudged to be void as to him for want of record.

The statute makes the deed void as to such innocent purchaser for want of record alone.

A tax deed is within the plain terms of the recording act. Section 2214 Rev. Pol. Code shows recording of tax deeds is contemplated. 37 Cyc. 1433; Black on Tax Titles, Sec. 394; Desty on Taxation, Vol. 2, Sec. 145; Maddox v. Arthur, 50 S. E. 668; Littlefield v. Prince, 52 Atl. 1010; Hewitt v. Week, 18 N. W. 417. There are other sufficient reasons why plaintiff cannot be required to pay the tax as a condition to the entry of judgment setting aside the tax deed. By section 2147 Pol. Code tax receipts must note outstanding sales.

The tax receipts paid by plaintiff's grantor and delivered to plaintiff at the time he purchased the premises and tax receipts paid by plaintiff himself did not have noted thereon either the tax deed or tax sale to defendant or any unpaid taxes for the years 1892 and 1893 or any other year. (Findings 13 and 15). Plaintiff relied upon these tax receipts and also upon an abstract of title which failed to show the tax deed or any unpaid taxes or unredeemed tax sale. (Finding 16). The duplicate tax list did not show any sales as required by section 2143. Sections 2149, 2151, 2152, Political Code; King v. Lane, 21 S. D. 101, 110 N. W. 37.

When the tax deed is issued the tax sale is then dropped from the books and no longer carried forward. A purchaser of real property has the right to rely upon the latest tax records and the tax receipts issued by the county treasurer. It was the defendant's own fault therefore in applying for obtaining his deed and in not recording the same that the plaintiff bought the property without notice of the tax sale and tax deed. Any other rule would require the purchaser of real property to examine the tax records in the county treasurer's office back to the remotest period of time before he could safely make a purchase of real property even as against unrecorded tax deeds.

A rule which would require purchasers of real property to make such examination would be destructive to the useful operation of the recording act.

Defendant cannot impeach his own deed for irregularities either in the tax sale proceedings or in the notice upon which the deed was issued. Having applied for and obtained the deed

he cannot be heard to say that the treasurer ought not to have issued it because of an insufficient notice and that being void for want of a proper notice the tax sale had not become merged in the deed.

GATES, J. Respondent purchased certain lots in the year 1907, obtaining a warranty deed therefor, for value, from the fee owner. Appellant is the holder of a tax deed of said lots, issued in 1897, upon a sale for the taxes of 1892, which deed was not recorded until 1911. At the time of his purchase respondent had no actual knowledge of the outstanding tax deed, nor of the sale upon which the deed was based. The tax receipts for several years prior and subsequent thereto did not indicate that there had been a sale of the lots for taxes, nor did the duplicate tax lists so indicate. Pol. Code, §§ 2143, 2147. Before purchasing said premises respondent obtained an abstract of title duly certified by a bonded abstracter of titles, upon which he relied in making said purchase, which abstract did not show said tax deed or tax sale. The trial court found the tax deed to be void, but did not require respondent to repay appellant's tax investment with interest as provided by section 2214, Pol. Code. This refusal on the part of the trial court is the real contention before us.

Appellant claims that the records in the treasurer's office imparted constructive notice to respondent of the existence of the tax sale and deed. Respondent claims that the recording acts are controlling. Sections 986, 987, Civ. Code.

[1] Respondent also claims that he cannot be required to repay appellant's tax investment because of the decision in King v. Lane, 21 S. D. 101, 110 N. W. 37, construing sections 2148 and 2149, Pol. Code. This contention is untenable because these sections relate only to tax receipts given under their provisions. They only apply to cases where there is an unpaid tax, not to cases where the tax has been paid by a sale of the property by the treasurer. The following authorities sustain, in principle, the contention of respondent as to the controlling effect of the recording laws, but, of course, they arose under widely different tax statutes from ours. Allen v. Everts, 3 Vt. 10; Ives v. Lynn, 7 Conn. 505, 514; Reeds v. Morton, 9 Mo. 878; Sintes v. Barber, 78 Miss. 585, 29 South. 403; Maddox v. Arthur, 122 Ga. 671, 50 S.

E. 668; Littlefield v. Prince, 96 Me. 499, 52 Atl. 1010; Humphrey v. Yost, 10 Kan. App. 324, 62 Pac. 550; 37 Cyc. 1433.

[2] Section 2216, Pol. Code, throws additional light on this subject. It provides that, when a tax deed is issued, the certificate of sale must be canceled and filed away. It is our opinion, therefore, that, when the tax deed was issued, the tax sale became canceled. Until the sale, the treasurer's duplicate tax list imparted notice of the unpaid tax. After the tax sale, the treasurer's sale book, together with the annotation on the subsequent tax lists and tax receipts, imparted notice of the sale. When the tax deed, whether valid or void, was issued, the sale book no longer imparted notice of the sale, and there was no longer any duty on the treasurer's part to note such sale on subsequent tax lists or tax receipts. The holder of the tax deed then stood in the same position as the holder of any other kind of deed, viz., in order to have surely protected his rights, he should have recorded his deed.

It follows, therefore, that it would be inequitable to require respondent to repay appellant's tax investment. The loss must rest upon appellant, by whose negligence it was caused.

The judgment of the trial court is affirmed.