Levy *vs.* Inglish.

both counts in the indictment; for one of which, maiming, confinement in the penitentiary is the proper punishment, and to which he was properly sentenced by the jury. But the Circuit Court, instead of carrying out the verdict, wholly overlooked the second count, and gave judgment that the prisoner be committed to the penitentiary, *for shooting at with intent to kill*, only, thereby wholly disregarding the verdict of the jury upon the only count for which such a punishment can be legally inflicted; and ordered the punishment to be imposed upon the first count, not as stated in the judgment of the Court, in accordance with the verdict of the jury, but, as we conceive, in direct contradiction to it. For the law declares the punishment *for shooting at with intent to kill*, shall be both fine and confinement in the common jail of the county, the Legislature not having made it a penitentiary offence.

There is no such error in the record and proceedings of the Court below, as to entitle him to a new trial. The judgment of that Court, being erroneous in not awarding the judgment upon the proper count, under the verdict of the jury, must be set aside; but there is no sufficient cause for awarding a new trial, or discharging the prisoner.

Case remanded, with instructions to enter up the sentence of the law, in conformity with the finding of the jury on the second count of the indictment, which is for maiming.

---

## LEVY *vs.* INGLISH.

If the facts set forth in a writ of mandamus do not show a legal title in the relator to the right claimed, the writ may be quashed.

Unless it is quashed, the defendant must return it, and set forth, in his return, either a positive and direct denial of the facts, or state other facts, sufficient in law to defeat the right claimed.

A Justice of the Peace cannot legally refuse to enter a prayer of appeal, in a case decided by him, take a recognizance and grant an appeal, unless the fees for granting the appeal are first paid or secured to him.

He has no right to demand the fees until he has performed the services. If he does, he forfeits the fees, and five dollars for each item demanded, and is liable to an indictment for extortion.

When an appeal is prayed, and an affidavit filed as required by law, it is the magistrate's duty, if sufficient security is offered, to take the acknowledgment of the recognizance, make it out in due form, obtain the signatures of the recognizors to it, approve and attest it, and then grant an appeal, and make an entry of it in his docket.

Levy *vs.* Inglish.

In performing these duties, he acts *ministerially*, and can exercise no discretion, other than to see that the security is sufficient, the recognizance in legal form, and acknowledged and signed according to law.

It is no excuse for not granting the appeal, upon an alternative mandamus, commanding the appeal to be granted, or cause shown, that *after* the refusal to grant the appeal, the justice discovered that the recognizance was insufficient, for want of a stipulation required by law. That was the justice's own fault. He was bound to take it in legal form.

That the party applying here for a mandamus, could have resorted to the Circuit Court for a *rule* on the justice to send up the appeal, is no objection to the jurisdiction of this Court.

ON the application of Jonas Levy, a writ of mandamus issued out of this Court, to William K. Inglish, a Justice of the Peace for Big Rock township, in the county of Pulaski, reciting, in substance, that, on the first day of November, 1841, Inglish rendered judgment in favor of Washington Noel, against Levy, for thirty-six dollars, upon the verdict of a jury then given for that amount, upon a trial had before him, and for costs of suit; that Levy then and there prayed an appeal to the next term of the Circuit Court of Pulaski county, and, on the fourth day of November then following, renewed said prayer, and offered to file the necessary affidavit and recognizance, with good and sufficient security, as required by law; and that Inglish neglected and refused to grant the appeal so prayed by Levy, and to enter the same on his docket, and to admit Levy to file the affidavit and the recognizance for the prosecution of the appeal: and commanding him to grant and allow to Levy an appeal to the Circuit Court, according to his prayer, from the judgment; and to make the necessary entry of appeal in his docket, upon Levy making the affidavit and entering into the recognizance required by him, or to show good cause why he should not do so.

To this writ the Justice made his return, the substance of which, as far as it is necessary to be stated, will be found in the opinion of the Court. To the return Levy demurred.

*Ashley & Watkins*, for the relator.

*W. & E. Cummins*, contra.

*By the Court*, RINGO, C. J.

If the facts set forth in a writ of mandamus, do not show a legal title in the relator to the right claimed, it may be quashed; but unless

Levy *vs.* Inglish.

it is quashed, the defendant is bound to return it, and to set forth, in his return, either a positive and direct denial of the truth of the facts stated in the writ on which the claim of the relator is founded, or to state other facts, sufficient in law to defeat the right claimed by the relator. The Court having determined upon the application for the writ, and previously to awarding it, that the facts stated in it are *prima facie* true, and that the relator is in that event legally entitled to the right claimed by him, and thereby sought to be obtained or enforced, and that he has no other adequate specific legal remedy for it. *Commercial Bank of Albany vs. Canal Commissioners*, 11 *Wend.* 25.

In the present case, no objection has been made to the writ, with a view to quash it; but the defendant has returned it, and set forth, in his return, not only the fact that he has not obeyed its mandate, by granting the appeal and making the necessary entry thereof on his docket, but he has also stated other facts, upon which he relies as constituting a legal justification of his refusal to do so. In the return, there is no distinct and positive denial of the truth of the facts stated in the writ on which the right of Levy to his appeal is founded, although, from the arguments and inferences of law and fact therein contained, it was obviously the design of the defendant to induce the belief that they are untrue, without distinctly and positively denying that fact. But the most prominent fact stated in the return, and that upon which the defendant appears to rely principally as furnishing him a legal right to refuse the appeal, is this: that neither Levy nor his attorney would pay him his legal fees for entering the appeal on his docket, and taking the recognizance required by the statute in that behalf to be taken before granting the appeal, and such other fees as he was entitled to; and that said attorney would not even verbally promise to pay them, or secure the payment thereof to him: that he replied, when the appeal was prayed for and demanded, that upon such fees being paid or secured, as aforesaid, he was ready and would immediately grant said appeal to said Levy, upon his complying with the requisitions of the statute on the subject; to which the attorney of Levy answered, that he did not consider the defendant entitled to any fees in such case, and that he whould not pay or secure to him

any such fees, but would see if he could not get the appeal without paying any fees, and thereupon left the office of the defendant.

From the facts thus appearing in the return, there can be no doubt that the defendant made the right of appeal depend upon the payment of his fees, or at least upon the payment of the legal fees allowed him for granting the appeal and taking the recognizance; and so, considering the payment thereof as a condition precedent to the legal right of the party to demand an appeal, demanded their payment when the appeal was prayed, and made the refusal to pay or secure their payment to him, the principal if not the sole ground of his refusal to grant the appeal; it being equally clear, that he made no objection at that time either to the affidavit or recognizance then tendered.

By what authority he claims the legal right of demanding any such fees, prior to his performance of the services, for which, when performed, they might legally have been charged, we are wholly at a loss to conceive. No such right has been shown, and it is confidently believed to have no legal existence. The law, on the contrary, so far from establishing such right, considers and makes it a misdemeanor to demand, charge, or receive such fees, before the services for which they are charged have been performed; and not only subjects the officer so demanding or charging them to a forfeiture of the amount of the fees so illegally charged, and five dollars for each item so illegally demanded, charged, or received, but also subjects the officer so offending to an indictment for extortion. *Chap.* 61, *sec.* 39, *Rev. St. Ark. p.* 401. These facts cannot, therefore, justify the magistrate in refusing to grant the appeal.

The right of appeal, in such cases as the present, is perfect, when such affidavit is filed, and such recognizance with security entered into, as the law requires, within the period required by the statute; and in such case, the magistrate has no power to refuse it, nor to encumber it with any other or further condition whatever. Upon the appeal being prayed, and an affidavit being filed, as required by law, if sufficient security be offered, it becomes his duty to take the acknowledgment of the recognizance, make it out in due form, obtain the signatures of the recognizors, approve and attest it, and then grant an appeal, and make an entry thereof on his docket. In performing

Levy *vs.* Inglish.

this duty, he acts ministerially, and can exercise no discretion, other than simply to see that the security offered is sufficient, and that the recognizance is in legal form, and acknowledged and signed in the manner prescribed by law. Such discretion is possessed by all ministerial officers, and, in the discharge of their official duties, they are constantly called upon to exercise it. This distinction between the judicial and ministerial acts performed by Justices of the Peace, was ruled by the Supreme Court of New-York, in the case of *Tompkins vs. Sands,* 8 *Wend.* 462, where it was held, and we think correctly, that Justices of the Peace, in respect to the granting or allowance of appeals, and in every other matter connected therewith, act ministerially.

It follows, therefore, if we have not entirely misconceived the legal obligation and duties of Justices of the Peace in this respect, that the fact stated in the return, that the defendant, upon a subsequent inspection of the recognizance filed by Levy, discovered that it did not contain any stipulation that the appellant would prosecute his said appeal with due diligence to a decision, as required by the 172d section of chapter 87 Revised Statutes, and that he never did or could approve said recognizance, so as to enter an appeal thereon, furnishes no legal ground for his refusal to grant the appeal; because, if the recognizance was in this respect insufficient, the fault was his, and not of those by whom it was acknowledged before him. In taking it, he was bound to take it in legal form; and if they had refused to enter into it in such form, such refusal would no doubt constitute a sufficient reason for refusing the appeal; but such refusal is not shown by the return, and therefore it is in this respect insufficient.

The facts stated in the return, in regard to the Circuit Court of said county being in session at the date of the judgment, and continuing in session until the first of December next ensuing, even though they should show that Levy, by resorting to that tribunal, could have obtained redress, and coerced the defendant to have granted the appeal, if he was entitled to it, yet, notwithstanding the tribunal awarding it would be different, the remedy, if not precisely, would at least be substantially the same: besides which, it is an attempt to deny to this Court the exercise of a jurisdiction expressly conferred upon it by the

Constitution, the exercise of which, when legally called upon, it is not at liberty to decline.

The return, therefore, does not, in our opinion, show any legal ground for the refusal of the defendant to grant the appeal upon the prayer and demand of Levy; and as the facts set out in the writ unquestionably show in him a legal right thereto, the demurrer to the return must be sustained.