## Martin, Ex parte.

Where a defendant to a judgment before a justice of the peace is refused an appeal, he having complied with the requisites of the law, entitling him to it, mandamus will issue to compel him to grant the appeal.

This was a petition for mandamus, addressed to one of the judges of this court in vacation, showing, in substance, that about the 4th Oct., 1843, James Bradley sued Martin, before McDade, a justice of the peace for Bradley county; that at the return day, 14th Oct., 1843, M. was prevented by the extreme illness of his family, from attending the trial, but appointed one J. P. to proceed to the office of the justice and state the cause of non-appearance, and request a postponement of the trial. On the 14th Oct., judgment was rendered against him. On the 8th day of Nov. following, he proceeded to the justice, for the purpose of obtaining a new trial, or an appeal from the judgment, if new trial was denied; both which were refused, on the ground that judgment by default had been rendered, and that it was too late for either new trial or appeal. M. then formally prayed an appeal, and offered to make the necessary affidavit, and tendered a bond with ample security, as required by law, and was again refused. That he then demanded of the justice that the judgment might be shown to him, which the justice refused, saying that it had not been entered, but that execution had been issued, a copy of which was exhibited. The petition was sworn to. The affidavit of J. P., whom M. appointed to go to the justice and request a postpone-

ment of the trial, was also annexed to the petition, showing that he appeared in the name of M. before the justice, on the day of the rendition of the judgment, between the hours of 12 M. and 1 P. M., and requested a postponement of the trial for the reasons stated in the petition, which request was refused, the justice telling him that it was too late. Another affidavit was annexed, stating that the affiant was present and heard J. P. make the application in the name of M., for postponement of the trial for the reasons above stated, on the 14th of Oct., 1843, between the hours of 12 M. and 1 P. M.

Upon this petition an alternative mandamus issued, returnable to the present term, and was accordingly returned into court, but no return, or other writing whatever is made thereon by the justice or other person. But upon a detached piece of paper there is, to all appearance, a regular judgment by default, rendered against one Andrew Martin, in favor of James Bradley, on the 14th of Oct., 1843, with a certificate in these words, "I do hereby certify that the above is a true transcript of my docket, Wm. W. McDade, J. P. December 12th, 1843." There is another detached paper, which recites that a suit was instituted before McDade by J. B. against M., in debt; that summons issued against M., returnable 14th Oct., (without stating the year) on which day, after service of the summons, J. B. appeared and substantiated his claim against M. to the satisfaction of the justice; that M. did not appear by himself or attorney on the said 14th day of Oct., and plead to the said action—the said W. W. McD. did enter judgment by default against M. for $17 28, exclusive of costs; that M. did not demand an appeal until after 15 days after the rendition of the judgment, to wit, on the 28th day thereafter, wherefore the said McD. says he is not bound to grant an appeal to said M. in his said suit, as the statute declares, that an appeal shall not be granted from a justice of the peace, where judgment has been rendered by default, after 15 days from the rendition of the same. This paper was entitled "Andrew Martin vs. Wm. W. McDade"— "Supreme Court, Jan. term, 1841;" but is not signed by any person.

Upon these papers, *J. Gould* moved for peremptory mandamus to the justice, to compel him to grant the appeal, and argued that when

Wilson et al. *vs.* Newland.

subordinate public officers refuse to act, or to entertain a question for their disposition in cases where the law enjoins them to do the act required, obedience will be enforced by mandamus, where no other remedy exists. *The People vs. Supervisors of Albany,* 12 *J. R.* 414. *Hall vs. Supervisors of Oneida,* 19 *J. R.* 259. The supreme court of this State will compel, by mandamus, a justice of the peace to grant an appeal. *Levy vs. Inglish,* 4 *Ark.* 65.

Peremptory mandamus will be granted on motion, the return to an alternative mandamus being insufficient. 6 *Cow.* 579.

*By the Court,* LACY, J. It is clear to our minds, that a peremptory mandamus ought to issue in this case. The facts show that the applicant was entitled to an appeal, and that he did whatever the law required, to give the benefit of it. As it has been improperly and unlawfully denied him, let the rule be made absolute, according to the prayer of the petitioner.