Oldham, J., delivered the opinion of the court. The question raised by the motion to dismiss this case, because the circuit court has no constitutional power to entertain appeals from the judgment's of justices of the peace, is not an open question. To dismiss the case, would be in violation of the settled principles and long established practice of this court, and would be at variance with the spirit and meaning of the constitution itself. This court has uniformly recognized, asserted and acted upon the principle that appeals lie to the circuit courts from the judgments and decrees of inferior tribunals. ’ From its first organization until the present term, cases coming up to it from justices of the peace and other inferior tribunals, through the circuit courts have been entertained, and the questions.presented by the record adjudicated; and cases which have been attempted to be brought directly into the Supreme Court from such inferior jurisdictions have been dismissed because the aggrieved party had the light to appeal to the circuit court. Frail, ex parte, 3 Ark. Rep. 563. In two cases writs of mandamus have been ordered to compel the allowance of appeals from the judgments of justices of the peace to the circuit court. Levy vs. Inglish, 4 Ark. Rep. 65. Martin, ex parte, 5 Ark. Rep. 371. The case of Anthony, ex parte, 5 Ark. Rep. 358, has been cited and relied upon in support of the motion. The language of the court in the opinion given in that case is certainly comprehensive, and at first view, would seem to justify the construction sought .to be placed upon it, but when wé take into consideration the question really involved, in that case, as also the decisions made by the court at the same term when the question now before us was really involved, we are precluded from drawing the conclusion contended for from the language employed. The Chief Justice, in. delivering the opinion in the case of Anthony, ex parte, thus clearly states the propositition then under consideration, “We have therefore to consider and determine whether or not the legislature is inhibited from making such judgments” (judgments'of justices of the peace upon change'tickets) ‘.‘final and conclusive' upon the defendants, or in other words whether the legislature can bylaw exclude this class .of cases from the revising power of the Supreme Court and every other intermediate tribunal.” “For if the constitution vests in either one of them appellate jurisdiction over cases determined by a justice or justices of the peace, by any affirmative grant of such power, it cannot bet pretended that the power so conferred can be divested by the legislature, but if it is not so granted by the constitution it is equally clear that the legislature may in its discretion withhold it from them;” and the question decided by the court, according to our understanding, was that there was n'o affirmative grant'of such power, and therefore the legislature might in its discretion withhold it'. ’ Thus placing it upon the discretion of the legislature to withhold the right of appeal, the converse of the proposition w4s necessarily implied, that the legislature might in its discretion confer the right. Had the decision gone so far, as is contended, that the legislature possessed no power under the constitution to confer upon the circuit courts the right to entertain appeals from the judgments of justices of the peace, and to readj’u-dicate the causes by them decided when so brought up by appeal, such decision would have been foreign to the question then before the court, and we would not hesitate a moment in declaring it erroneous. It is manifest however that the court never designed that their decision should have the extensive application, which the defendants in error attempt to give to it, in order to support their motion to dismiss this case; for, at the same term at which that decision was pronounced, the court awarded-a writ o'f mandamus in the case of Martin, ex parte, (5 Ark. Rep. 371), to compel a justice of the peace to allow an appeal to the .circuit court from a judgment given by' him; and, also, after the decision in Anthony, ex parte, dismissed the case of Hays vs. Pope county. In dismissing this latter case, the court said, “It is however competent for' the legislature to provide other means than the use of those writs,” (named in the constitution) “for the purpose of revising the proceedings of inferior courts, and in such cases the remedy so proyided depends entirely upon the legislature for its existence, who may modify or abolish it at pleasure.” And the court reaffirmed the principle settled in the case of Graham vs. The State, 1 Ark. Rep. 428, sustaining the power of the legislature upon this subject. Upon the other point presented in the motion, the writ must be quashed. The judgment of the circuit court is rendered against Miller, and Capps, as his security. By the 6th section, chap. 117, Rev. Stat., it is enacted that “if there be several persons against whom any judgment may have been rendered and who are entitled to bring a writ of error thereon living at the time of bringing such writ, they shall'all join in the writ, except where it may be otherwise provided by law, and if any are omitted, the writ shall be quashed on motion of the defendant in error, made at any time before joinder in error, upon due proof of the facts, unless one or more of such defendants be allowed by the court to proceed.” The record shows that there is another person againstwhom the judgment of the circuit court was rendered,’ and who has not jpiqec] jn the sprit. Upon this point, the motion is sustained.-