## CHURCH

*v.*

## THE UNITED STATES, EX REL. THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

JUSTICES OF THE PEACE; MANDAMUS.

A writ of *mandamus* will lie from the Supreme Court of the District of Columbia to a justice of the peace to compel him to consider the sufficiency of sureties offered in an undertaking on appeal in a case tried before him, and if he should find them sufficient to allow an appeal to that court; and from an order directing the issuance of such a writ, no appeal lies to this court.

No. 822.   Submitted October 3, 1898.   Decided October 18, 1898.

HEARING on a motion to dismiss an appeal by the respondent, a justice of the peace, from an order directing a *mandamus* to issue to compel him to consider the sufficiency of an undertaking on appeal. *Granted.*

*Mr. L. H. Poole* for the motion.

*Mr. Clayton E. Emig, contra.*

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an appeal brought to this court by the appellant, Samuel R. Church, a justice of the peace, from an order of the court below, directing a *mandamus* to issue to the appellant, upon petition and answer, commanding him as such justice of the peace "to proceed to consider the question of the sufficiency of the proposed sureties, or any of them, and if he finds said sureties, or any of them, to be sufficient, then to approve said undertaking, allow an appeal, and send the papers to this court." This order was made to effectuate an appeal from the judgment of the justice entered in a case before him of Samuel L. Beck against the Fidelity and Deposit Company of Maryland.

The motion here is to dismiss the appeal, and it is very clear that such motion must prevail.

This court has no power or jurisdiction to review the proceedings before the justice of the peace, in which the judgment was entered and from which the appeal is sought to be taken to the court below. That appellate jurisdiction is vested exclusively in the Supreme Court of the District of Columbia, by express provision of the statute (Sections 1027, 1028, 1029, Rev. Stats. D. C.); and there is no ground for contending that the court below was without jurisdiction in the premises.

That court had a right, in the exercise of its appellate jurisdiction, and its general power of supervision over the proceedings of justices of the peace, to issue the writ of *mandamus* as a means to effectuate its appellate jurisdiction. By Section 716 of the Revised Statutes of the United States, it is provided that the Supreme Court, the Circuit and District Courts of the United States, "shall have power to issue all writs, not specifically provided for by statute, which may be necessary *for the exercise of their respective jurisdictions*, and agreeable to the usages and principles of law." This pro-

vision is the compilation from Section 14 of the Judiciary
Act of 1789, Ch. 20, Section 14, and the act of 1793, Ch. 22,
Section 5. And by the third section of the act of Congress
of the 27th of February, 1801, it is provided " that there
shall be a court in this District, which shall be called the
Circuit Court of the District of Columbia; and the said
court, and the judges thereof, shall have *all the powers by
law vested. in the circuit courts and the judges of the circuit
courts* of the United States." And by Section 760 of the Re-
vised Statutes, U. S. D. C., it is provided that the present
Supreme Court of this District shall possess *the same powers
and exercise the same jurisdiction as the circuit courts of the
United States.*" The right to issue writs, as provided in Sec-
tion 716 of the Revised Statutes of the United States, to aid
and enforce the exercise of jurisdiction, is an inherent
power in all courts of *general jurisdiction,* and especially of
courts of *original general, with superadded appellate jurisdic-
tion,* such as that. possessed by the Supreme Court of the
District of Columbia. *Ex parte Crane,* 5 Pet. 189.

That the court below had a right, in the exercise of its
appellate jurisdiction, to issue the writ of *mandamus* to the
justice of the peace, as a means to effectuate its appellate
jurisdiction, is clear beyond question. It has been held that
*mandamus* is a proper remedy where the right of appeal is
improperly denied; and that it is an appropriate remedy to
compel the justice of the court below to take action to per-
fect the appeal, or the clerk of the court in case of refusal
to prepare and deliver the transcript, or to transmit the
original papers where that is required, to enable the party
appellant to avail himself of the right of appeal. *United
States* v. *Gomez,* 3 Wall. 752, 766. Many authorities might
be cited to this proposition, among which see *Levy* v. *English,*
4 Ark. 65; *Coats* v. *State,* 133 Ind. 36; *Woodford* v. *Hull,* 31
W. Va. 470; *Ex Parte Morris,* 11 Gratt. 292; *Tompkins* v.
*Sands,* 8 Wend. 462; *Noble* v. *Houk,* 16 Sergt. & R. 421;
*Hughes* v. *Wheat,* 32 Ark. 292; *People* v. *Elkins,* 40 Calif. 642;
*Drake* v. *Camp,* 45 N. J. L. 293.

It is for the court below, as an appellate court, in the exercise of its appellate jurisdiction, to determine whether the appellant to that court had so complied with the requirements of the statute, as prerequisites to the right of appeal, as to entitle it to the appeal of which it seeks the benefit, and not for this court. That question belongs exclusively to the court of appellate jurisdiction.

The appeal to this court must therefore be dismissed; and it is so ordered.                        *Appeal dismissed.*