WHITE *v.* STOKES.

Opinion delivered November 18, 1899.

1. IMPROVEMENTS—PRACTICE AS TO RECOVERY.—Under Acts 1883, p. 106, § 1-4, by which it is provided, in substance, that an occupant of land who has made improvements thereon in good faith, claiming the land under color of title, may recover the value of such improvements, it is contemplated that there shall be antecedent litigation to recover the land from such occupant before he can claim the value of his improvements. (Page 187.)

2. PLEADING — ANSWERING OVER AS WAIVER.—Error in overruling a demurrer to a complaint on the ground that the complaint does not state a cause of action is not waived by answer. (Page 188.)

3. COLOR OF TITLE—WHAT IS NOT.—A bond for title is not color of title on which to base a claim for improvements made by the occupant. (Page 188.)

4. GOOD FAITH—WHAT IS NOT.—One who made improvements upon land after he had been informed by his attorney that he was not the owner of such land cannot claim to have acted in good faith in making the improvements. (Page 189.)

Appeal from Craighead Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

STATEMENT BY THE COURT.

In the year 1876, Dick White died intestate, unmarried and without issue, seized and possessed of the lands in controversy in this cause. He left surviving him, his father, William White, and appellants, who are his brothers and sisters and persons standing in the title of brothers and sisters who are dead. The land is not an ancestral estate, but a new acquisition. In 1892 William White sold the land to the appellee, D. H. Stokes, for $200, making him a bond for title undertaking to convey it in fee simple upon payment of the purchase money. Stokes at once went into possession under this contract, and began the improvements which are the subject-matter of this action. During the fall and winter of 1892–3 he cleared twenty acres of land, erected most of the buildings, and made other improvements. In April, 1893, William White made him a warranty deed, purporting to convey an absolute title to the land. In the autumn of 1893 the question of Stokes' rights under this deed began to be discussed in the community, and he sought the advice of lawyers, who told him that by his purchase he had acquired only an estate for the life of William White. Afterwards appellee made the remainder of the improvements claimed by him. William White died February, 1894. In January, 1895, Stokes brought this action, alleging that he had made the improvements under color of title, believing that he owned the land; that his grantor, William White, had no title, and that appellants claimed title; and asked that he have judgment for the improvements, and that the same be enforced as a lien on the land. The appellants have not demanded the premises, nor in any way disturbed Stokes in the possession or enjoyment thereof. The appellants demurred to the complaint, but their demurrer was overruled. They then answered with a denial of the facts alleged in the complaint. The decree of the court was for Stokes, giving him judgment for $401.75, and ordering it enforced against the land.

*Will H. Cate* and *Allen Hughes*, for appellants.

This action would not have been maintainable before the act of 1883. 8 Wheat. 1, 75; 10 Am. & Eng. Enc. Law (2d

Ed.) 542. Even in equity, betterments could be used at the utmost only as a set-off against rents and profits, but never for the purpose of acquiring title. 42 Ark. 118; 6 Paige, 390, 404; 3 Ohio, 327; 15 Am. Dec. 347. Under the act of 1883, no claim for betterments can be interposed until the tenant is ousted. 33 N. Y. Eq. 171, 178. Betterment acts, being in derogation of common law, must be strictly construed. 10 Am. & Eng. Enc. Law, 251; 3 Suth. Dam. §999; 3 S. W. 746; 3 Ohio St. 463. Further, to the effect that the action for improvements is premature if brought prior to a possessory proceeding on behalf of the owner, see: 140 Ind. 186; 22 Fla. 378; 16 Fla. 338; 27 Kas. 634; 23 Gratt. 266, 294; 82 Mo. 172, 179; 183 Pa. St. 271; 36 Ind. 349; 32 Ind. 431. The error in overruling a general demurrer is not cured where the complaint was not at all a cause of action. 65 Ark. 495. Color of title is that which, in appearance, is title, but which, in reality, is no title. 47 Ark. 528. The instrument relied upon to give color of title must purport to convey title. 18 How. 56; 102 U. S. 461; 1 Am. & Eng. Enc. Law (2d Ed.) 859. A bond for title is a mere executory agreement to convey title, is not color of title. 1 Am. & Eng. Enc. Law, (2d Ed.) 859; 50 Ark. 484, 491; 6 Wall. 116; 25 Ga. 181; 21 Ia. 475; 68 N. W. 171; 1 Sawy. 15, 20; 50 N. W. 95; 4 Sawy. 529; 56 Am. Dec. 326; Sedg. &. W. Tr. Tit., § 697; 62 Ill. 507; 31 Ark. 344; 59 Ark. 144; 35 Cal. 346; 45 N. W. 398; 15 N. W. 665; 33 N. W. 326. If appellee can recover at all, he can recover only the *enhanced value* of the premises, less the rents. The cost of the betterments is not the measure of the recovery. 1 Sawy. 15, 20; 81 Pa. St. 430; 10 Am. & Eng. Enc. Law, (2d Ed.) 545; 101 Ill. 242, 272; 33 Ark. 490, 496; 32 S. W. 398; 2 Am. Dec. 721; 14 S. W. 343; 15 Am. Dec. 142, 147; 85 Va. 448; 1 S. W. 499; 84 Pa. St. 333; 74 N. C. 603; 3 Oh. St. 463; 83 N. C. 406; 81 Pa. St. 430; 64 Tex. 491; 39 Ga. 328; 3 Litt. (Ky.) 399; 4 Gill, 87; 74 Miss. 459: 19 Wis. 219; 113 Ala. 126; 76 Ia. 81; 99 Ill. 541; 145 Ill. 238, 251; 9 Am. St. Rep. 805; 9 Bush, 717; 60 Ga. 466; 92 Va. 245; 16 B. Mon. 420; 61 N. Y. 382, 397; 53 N. W. 577; 63 N. W. 28; 4 S. E. 468; 14 S. E. 685; 37 Fed. 756; 53 Fed. 895; 18 Ia.

261. Appellee knew the facts, and hence is not a purchaser in good faith, notwithstanding his belief as to his legal rights. 64 Miss. 129; 4 Met. (Ky.) 323; 4 W. Va. 562.

HUGHES, J., (after stating the facts.) A majority of the court are of the opinion that the demurrer to the complaint in this case should have been sustained. There are many authorities upon which this conclusion may be sustained. According to these authorities, the occupant of land without title cannot maintain an original action for the value of improvements made thereon by him until possession is demanded by the owner, or until an action is brought which, if successful, will oust him.

The pertinent sections of the act under which this action was brought (Acts 1883, p. 106, § 1–4) are as follows:

"Section 1. That if any person believing himself to be the owner, either in law or equity, under color of title, has peaceably improved any land, which upon judicial investigation shall be decided to belong to another, the value of the improvements made as aforesaid and the amount of all taxes which may have been paid on said land by such person, and those under whom he claims, shall be paid by the successful party to such occupant, or the person under whom or from whom he entered and holds, before the court rendering judgment in such proceedings shall cause possession to be delivered to such successful party.

"Section 2. That the court or jury trying such cause shall assess the value of such improvements in the same action in which the title to said lands is adjudicated; and on such trial the damages sustained by the owner of lands from waste, and such mesne profits as may be allowed by law, shall also be assessed, and if the value of the improvements made by the occupant and the taxes paid as aforesaid shall exceed the amount of said damages and mesne profits combined, the court shall enter an order as a part of the final judgment providing that no writ shall issue for the possession of the lands in favor of the successful party until payment has been made to such occupant of the balance due him for such improvements and the taxes paid; and such amount shall be a lien on the said lands, which

may be enforced by equitable proceedings at any time within three (3) years after the date of such judgment.

· "Section 3. That in recoveries against such occupants no account for any mesne profits shall be allowed unless the same shall have accrued within three (3) years next before the commencement of the suit in which they may be claimed.

"Section 4. That in any such equitable proceedings the court may allow to the owner of the lands as a set-off against the value of such improvements and taxes the value of all rents accruing after the date of the judgment in which it has been allowed."

It appears from the language of the act, as we construe it, that it was not intended that it should apply to a case where the occupant was not disturbed in his possession, nor until some proceeding was commenced to oust him. The act seems to contemplate antecedent litigation to recover the land, before the occupant can claim the value of his improvements. In other states the right to maintain such an action is denied, and it is held that it is premature if brought prior to a possessory proceeding by the owner. *Fish* v. *Blasser*, 146 Ind. 186; *Asia* v. *Hiser*, 22 Fla. 378; *Barton* v. *National Land Co.*, 27 Kas. 634; *Graeme* v. *Cullen*, 23 Gratt. 266.

An error in overruling a demurrer to a complaint on the ground that the complaint does not state a cause of action is not waived by answer, if there is no cause of action stated in the complaint. *Thompson* v. *Brazile*, 65 Ark. 495.

A majority of the court are also of the opinion that the plaintiff had no color of title, when most of the improvements were made, as he had only a bond for title when they were made. Color of title is defined to be that which in appearance is title, but which in reality is no title. *Teaver* v. *Akin*, 47 Ark. 528; *Wright* v. *Mattison*, 18 How. 56.

A bond for title does not purport to convey the title to the obligee. It is an executory agreement to make title in the future, upon performance of certain conditions. *Id.* See *Hershey* v. *Thompson*, 50 Ark. 484; 1 Am. &. Eng. Enc. Law, (2d. Ed.) 859; *Osterman* v. *Baldwin*, 6 Wall. 116. Without further citations. suffice it to say. we think this is the reason-

able doctrine, supported by the weight of authority, though not before this directly decided in this state.

As to the improvements made after the occupant had obtained a deed to the land, which was color of title, we think it appears from the testimony that, before these improvements were made, the occupying tenant had notice that his vendor had no title; and therefore it cannot be said that such improvements were made by him in good faith, as he could not have believed that he was the owner of the land. He at least was put upon inquiry, and might easily have learned that he had no title. In order to have acted in good faith, some diligence was required of him after he was put upon notice. He could not shut his eyes, and say he believed in good faith that he had title, when he was informed that he did not have.

Reversed, and complaint dismissed without prejudice.

RIDDICK, J., concurred in the judgment only.