## INDIAN LAND & TRUST CO. et al. v. SCOTT.

No. 7551—Opinion Filed June 27, 1916.

(158 Pac. 1164.)

**1. Indians—Statutory Provisions.**

Prior to February 19, 1903, when, by Act of Congress (Act Feb. 19, 1903, c. 707, 32 Stat. 841), chapter 27 of Mansfield's Digest of the laws of Arkansas relating to conveyances was extended over the Indian Territory, there was no law in force in said territory authorizing or requiring the registration of instruments affecting the title to real estate.

**2. Vendor and Purchaser—Bona Fide Purchaser—Records.**

The registration of such instruments, improperly admitted to record because neither proved nor acknowledged, as required by the provisions of said chapter, did not operate as constructive notice to subsequent purchasers.

**3. Quieting Title—Improvements—Compensation—"Occupants."**

Record examined, and held, under the Laws of Arkansas in force in the Indian Territory prior to statehood, that defendants were not entitled to reimbursement for improvements placed upon the lands involved, and that such improvements could not properly be made a charge against such lands.

(Syllabus by Bleakmore, C.)

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by E. M. Scott against the Indian Land & Trust Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Lewis C. Lawson, for plaintiffs in error.

Vernon V. Harris, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Hughes county on September 4, 1914, by E. M. Scott against the Indian Land & Trust Company and John S. Bilby, seeking to quiet title to certain lands. Upon trial to the court there was judgment for plaintiff, from which defendants have appealed.

The following stipulations were made upon the trial:

"It is agreed by and between the parties hereto that the plaintiff in this suit, through mesne conveyances, has the fee-simple title to the land specified in the petition, but no admission is made as to the death of the allottee at the time of the selection of said lands from the state, or that he had allotment deed at the time of his death.

"It is further agreed that the land is the allotment of Cosar Micco, who died in September, 1901, and the land was selected in December, 1901, and that patents were issued in March, 1904.

"It is stipulated and agreed by and between the parties hereto that Lucy Micco was the wife of Cosar Micco; that John Deere was a son of Cosar Micco; that Cinda Cornell was a daughter of Cosar Micco; that Chona Micco is also a son of Cosar Micco, and that Lucy Micco, his wife, died and left Chona Micco, a son; that Cinda Cornell, daughter, died and left Benjamine Cornell, which makes three living heirs now."

Defendants claimed title by virtue of a 99-year lease executed by John Deere to the Indian Land & Trust Company on December 11, 1901. It seems to be conceded that no restrictions upon the alienation of the lands then existed, and for this and other obvious reasons it is unnecessary to consider that question. Defendants acquired possession under such lease and occupied the lands by tenant until the year 1908, after which other parties asserting title obtained and kept the possession thereof, defendants making no claim to the premises or demand for rents until the bringing of this action. The lease contract was not executed in the presence of witnesses or acknowledged, and was not registered until May 21, 1904, when it was filed for record and recorded at Wewoka, in the then Indian Territory, now the county seat of Seminole county.

Plaintiff purchased the premises in the latter part of 1913, at which time the same were occupied by the tenant of his grantors. He had no actual notice of the existence of the lease in question or the claims of defendants thereunder, and was without knowledge of facts or circumstances from which he might properly be charged with notice; and we must therefore consider whether the registration of such instrument in May. 1904, constituted constructive notice thereof.

It appears that prior to February 19, 1903, there was no law in force in the Indian Territory authorizing or requiring the registration of deeds or other instruments affecting title to realty. On that date, however, by Act of Congress, chapter 27 of Mansfield's Digest of the Laws of Arkansas, so far as applicable, was extended over and put in force in said territory; recording districts were defined, places of record designated, and clerks of the United States courts empowered to perform the duties of recorders. it being also provided that acknowledgments of deeds of conveyance should be taken before such clerks, their deputies, United States commissioners, or notaries public. Such act does not purport to be retrospective in its operation as to the instruments affecting real estate executed but not recorded prior to its enactment. but if it should be conceded (although we do not so determine) that the registration of such instruments, otherwise lawfully admissible to record, would operate as constructive notice thereof to subsequent purchasers, yet we must consider whether the lease in question was properly entitled to record, and. if not, the effect of its registration upon the rights of plaintiff. Chapter 27 of Mansfield's Digest, thus put in force and effective until the advent of statehood, which relates to conveyances of real estate, provides:

Section 645: "The term 'real estate,' as used in this act. shall be construed as co-extensive in meaning with 'lands, tenements, and hereditaments,' and as embracing all chattels real."

Section 656: "The acknowledgment of deeds and instruments of writing for the conveyance of real estate, or whereby such real estate is to be affected in law or equity, shall be by the grantor appearing in person before such court or officer having the authority by law to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein mentioned and set forth."

Section 660: "All deeds and other instruments in writing for the conveyance of real estate. or by which any real estate may be affected in law or equity, shall be proven or duly acknowledged in conformity with the provisions of this act before they or any of them shall be admitted to record."

Section 664: "Every deed or instrument in writing or affecting real estate which shall be acknowledged or proved and certified, as prescribed by this act, may, together with the certificate of acknowledgment, proof, or relinquishment of dower, be recorded by the recorder of the county where such land to be conveyed or affected thereby shall be situate. and when so recorded may be read in evidence without further proof of execution."

Section 671: "No deed, bond, or instrument of writing, for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, hereafter made or executed, shall be good or valid against a subsequent purchaser of such real estate for a valuable consideration, without actual notice thereof: or against any creditor of the person executing such deed, bond, or instrument. obtaining a judgment or decree, which by law may be a lien upon such real estate. unless such deed, bond, or instrument. duly executed and acknowledged. or approved, as is or may be required by law. shall be filed for record in the office of the clerk and ex officio recorder of the county where such real estate may be situated."

Construing the provisions of said chapter, prior to the time they became effective in the Indian Territory, the Supreme Court of Arkansas repeatedly held that instruments not proved or acknowledged as required thereby. and therefore improperly admitted to record, did not operate as constructive

notice to subsequent purchasers. In Simpson v. Montgomery, 25 Ark. 370, 99 Am. Dec. 228, it was said. .

"The only evidence upon which a deed can be admitted to record is the certificate of proof, or acknowledgment of a court or officer, authorized by the statute to take such proof and acknowledgment. Sections 12 to 16, 22, 33, and 34, ch. 37, Digest; Jacoway v. Gault, 20 Ark. 190 [73 Am. Dec. 494]; Biscoe v. Byrd, 15 Ark. 655; Blagg v. Hunter, 15 Ark. 246; Trammell et al. v. Thurmond et al., 17 Ark. 203; Heister's Lessees v. Fortner, 2 Bin. [Pa.] 40 [4 Am. Dec. 417]; Johnston's Lessee v. Haines, 2 Ohio (2 Hammond) 55 [15 Am. Dec. 533]. As no certificate accompanied the deed of trust, it was not properly admitted to record, and consequently did not become constructive notice to the world."

Such construction is deemed to have been adopted by Congress when said chapter was extended in force over the Indian Territory, and is binding upon the courts. Steele v. Kelley, 32 Okla. 548, 122 Pac. 934. Thus it will be seen that the trial court correctly concluded that the fact that such lease, which was neither acknowledged nor proved as required by law, appeared upon the public records did not operate as constructive notice to the plaintiff of its existence.

The particular conveyances under which plaintiff acquired title do not appear in the record, but it is specifically agreed that "plaintiff in this suit, through mesne conveyances, has fee-simple title to the lands specified in the petition."

Defendants allege in their answer that while in possession of the premises, in good faith believing they were the owners thereof, they placed thereon improvements of the value of $350, and on the trial offered evidence tending to support such •allegation. The failure of the court to render judgment in their favor for such amount and charge the lands with a lien therefor is assigned as error. The right to payment for such improvements is asserted by virtue of section 2644 of Mansfield's Digest, which provides:

"If any person, believing himself to be the owner, either in law or equity, under color of title, has peaceably improved, or shall peaceably improve, any such land which upon judicial investigation shall be decided to belong to another, the value of the improvement made as aforesaid and the amount of all taxes which may have been paid on said land by such person, and those under whom he claims, shall be paid by the successful party to such occupant, or the person under whom or from whom he, entered and holds, before the court rendering judgment in such proceeding shall cause possession to be delivered to such successful party."

This section is a part of the Arkansas statute of ejectment in force in the Indian Territory prior to statehood. The action contemplated thereby was for the recovery of real property, and could be brought and maintained only against the person in possession and his lessor; and obviously only the "occupant or the person under whom or from whom he entered or holds" was entitled to be reimbursed for improvements before possession of the premises were delivered to the successful party. The present suit is not an action to recover possession or for rents and profits. The plaintiff herein was in possession, and defendants were not occupants of the lands involved, and had not occupied them in person or by tenant for some six or seven years before the bringing of the suit. Defendants' claim of right to reimbursement for improvements is founded on a lease executed by one of three heirs who inherited the land in question, and it is not even intimated that such improvements were made with the knowledge or consent of the other heirs. The defendants collected and retained the entire rents from the lands prior to 1908. Plaintiff here does not claim or seek to recover such rents, nor do defendants attempt to set off the improvements against rents. Under such circumstances the improvements thus placed upon the premises cannot properly be made a charge against the body of the lands. Jones et al. v. Johnson et al., 28 Ark. 211. The statute upon which defendants rely is not sufficiently comprehensive to afford them the remedy provided for occupants of land under color of title. White v. Stokes, 67 Ark. 184, 53 S. W. 1060.

Upon the whole record, we cannot say that the trial court committed error prejudicial to the substantial rights of defendants; and the judgment should therefore be affirmed.

By the Court: It is so ordered.